# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE McDADE, | 1:09-cv-00059 LJO YNP (DLB) (HC) |
|     Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES |
| v. | |
| LYDIA HENSE, Warden | |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 12, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Eastern District of California.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

In this case, Petitioner is challenging a decision by the California Department of Corrections's Institutional Committee. After he was incarcerated, the Committee made a decision not to let Petitioner receive visits from his family. Because Petitioner is challenging an administrative decision, he must exhaust all administrative remedies before he can proceed to this court with his petition. is Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not availed himself of any administrative remedies. Petitioner states that he filed petitions for writ of habeas corpus with the Kern County Superior Court, California Court of Appeal, Fifth Appellate District, and the California Supreme Court (Pet. at 5(b)). At no point does Petitioner mention filing any type of complaint with the prison. If Petitioner has not exhausted all of his administrative remedies, the court cannot proceed with the merits of the claim. It is possible, however, that Petitioner has exhausted his administrative remedies and simply neglected to inform this Court. Thus, Petitioner must inform the Court of each step of the administrative process in which he appealed this administrative decision or of the lack of any administrative appeals process. Without knowing whether Petitioner has sought administrative review, the Court is unable to proceed to the merits of this claim.

**ORDER**

1   Petitioner is hereby ORDERED TO SHOW CAUSE why the petition should not be
2  dismissed for Petitioner's failure to exhaust state remedies.  Petitioner must inform the Court what
3  claims have been presented to the California Supreme Court within thirty (30) days of the date of
4  service of this order.  Petitioner is forewarned that failure to follow this order will result in dismissal
5  of the petition pursuant to Local Rule 11-110.

7   IT IS SO ORDERED.
8   **Dated:   August 19, 2009**            /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE